FILED
MARCH 5, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 1338

JUDGE KENNELLY
MAGISTRATE JUDGE MASON

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

HALLE PROPERTIES, L.L.C., an Arizona )
limited liability company, )
              *Plaintiff*, )
)
v. ) No.
)
ENGLEWOOD CONSTRUCTION, INC., )
an Illinois corporation, )
              *Defendant*. )

## COMPLAINT

Plaintiff Halle Properties, L.L.C. ("Halle"), by its undersigned attorneys, complains of the defendant, Englewood Construction, Inc. ("Englewood"), as follows:

### PARTIES

1. Halle is an Arizona limited liability company. Halle has three members, as follows:

    a. an irrevocable trust domiciled in Arizona, the trustee and beneficiary of which is a natural individual who is a citizen of Arizona;

    b. an Arizona limited liability company, the three members of which are (i) an irrevocable trust domiciled in Arizona, the trustee and beneficiary of which is a natural individual who is a citizen of Arizona, (ii) a revocable trust domiciled in Arizona, the trustee and beneficiary of which is a natural individual who is a citizen of Arizona, and (iii) an Arizona corporation; and

    c. an Arizona corporation.

2. Englewood is an Illinois corporation which maintains a registered office at 9747 West Foster Avenue, Schiller Park, Illinois.

## JURISDICTION AND VENUE

3.  Jurisdiction is proper pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.

4.  Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in the Northern District of Illinois.

## BACKGROUND FACTS

5.  Halle has at all relevant times owned the real property commonly known as 785 East Boughton Road, Bolingbrook, Illinois (the "Property"), from which this dispute arises.

6.  On or about October 23, 2003 Halle and R.A.S. Builders, Inc. ("RAS") entered into an Agreement Between Owner and Contractor by which RAS agreed to construct a Discount Tire facility on the Property (the "Project"). The Agreement Between Owner and Contractor is attached hereto as **Exhibit A**. As used herein, the "Contract" means the Agreement Between Owner and Contractor and the other contract documents therein described. The Project is referenced in the Contract as Job 04.0267.

7.  On October 23, 2003 and at all times thereafter pertinent hereto, RAS's business office was at 9747 West Foster Avenue, Schiller Park, Illinois.

8.  The price for which RAS agreed to complete the Project (the "Contract Sum") was $1,188,666.30.

### Englewood's Assumption of RAS's Contractual Obligations and Liabilities

9.  On or about August 1, 2004, RAS and Englewood entered into an Asset Purchase Agreement (the "Englewood Agreement") by which, *inter alia*, RAS agreed to assign to Englewood, and Englewood agreed to assume, RAS's duties and obligations to Halle under the Contract. The Englewood Agreement is attached hereto as **Exhibit B**.

10. At the time of assumption, Englewood and RAS estimated the Project to have a value of negative $227,018.20 – i.e., estimated the cost to complete the Project at $227,018.20 more than the Contract Sum.

11. The Englewood Agreement closed on August 31, 2004. As part of the closing, RAS and Englewood entered into an Assignment and Assumption of Assumed Liabilities dated August 31, 2004 (the "Englewood Assumption") by which, *inter alia*, RAS assigned the Contract to Englewood and Englewood expressly assumed RAS's liability to Halle under the Contract. The Englewood Assumption is attached hereto as **Exhibit C**.

12. After the closing of the sale contemplated by the Englewood Agreement, Englewood continued to operate the business theretofore conducted by RAS at 9747 West Foster Avenue, Schiller Park, Illinois ("Office") which had been occupied by RAS up until the time of the sale, utilizing equipment owned by RAS and personnel employed by RAS up until the time of the sale.

**RAS's and Englewood's Breaches of the Contract**

13. On September 13, 2004, Halle sent written notice of defaults under the Contract to the Office. Notwithstanding delivery of the defaults, the defaults alleged in said notice were not cured.

14. As a consequence, Halle had no alternative but to complete the unfinished Project with its own funds.

15. The total cost incurred by Halle, including payments made to RAS before default and the payments made to complete the Project, totalled $1,475,531.02.

16. Paragraph 19.2.4 of the Agreement Between Owner and Contractor reads as follows, in relevant part:

> If the unpaid balance of the Contract Sum exceeds costs of finishing the Work, including compensation for the Architect's services and expenses made necessary thereby, and other damages incurred by the Owner and not expressly waived, such excess shall be paid to the Contractor. If such costs and damages exceed the unpaid balance, the Contractor shall pay the difference to the Owner.

17.     After Halle completed the Project, the Architect identified in the Contract certified that the amount owed to Halle pursuant to Paragraph 19.2.4 of the Agreement Between Owner and Contractor was $286,864.72.

**Judgment Against RAS/Contract Rights of Indemnification Against Englewood**

18.     On November 21, 2006 Halle filed suit against RAS in this Court to recover the damages resulting from RAS's defaults under the Contract, in the matter captioned *Halle Properties, L.L.C. v. R.A.S. Builders, Inc.*, Case No. 06 C 6353 (the "RAS Lawsuit").

19.     On April 5, 2007 this Court entered judgment in the RAS Lawsuit against RAS and in favor of Halle in the amount of $286,864.72 plus costs (the "RAS Judgment") as the amount due to Halle under the Contract.

20.     Thereafter, Halle commenced supplemental proceedings to collect on the judgment, including serving a citation to discover assets upon RAS.

21.     One of RAS's assets was the Englewood Assumption, which includes a contractual indemnity of RAS by Englewood (the "Contract Indemnity") which reads as follows:

> Assignee shall be liable to pay, settle, perform and discharge the Assumed Liabilities. Assignee shall defend, indemnify and hold harmless Assignor from any liability, damages, causes of action, expenses and reasonable attorneys' fees incurred by Assignor by reason of the failure of Assignee to pay, settle and discharge the Assumed Liabilities.

22.     One of the "Assumed Liabilities" in the Contract Indemnity was the Contract with Halle, referenced in Paragraphs 1.19(a) and 1.4 and Schedule 1.1(a) to the Englewood

Agreement.

23. Halle is the owner of the Contract Indemnity given by Englewood. On January 31, 2007, this Court entered an order (the "Assignment Order") assigning to Halle, as RAS's judgment creditor, RAS's right, title and interest in the Contract Indemnity. The Assignment Order states, in relevant part,

> All of RAS' rights, title and interest in and to the Contract Indemnity for Job 04.0267 and all proceeds thereof are hereby assigned and turned over to Halle.

The Assignment Order is attached hereto as **Exhibit D**.

24. As owner of the Contract Indemnity, Englewood owes Halle the full amount of the RAS Judgment.

### Count I
### Breach of the Contract

25. Halle realleges and incorporates the preceding ¶¶1 - 24 of this Complaint as though fully set forth herein as ¶25 of this Count I.

26. Pursuant to the Englewood Assumption, Englewood assumed the obligation to perform RAS's duties to Halle under the Contract, including the obligation specified in ¶19.2.4 of the Contract.

27. Englewood breached the Contract.

28. Halle suffered at least $286,864.72 in damages as a result of Englewood's breach of the Contract.

29. Halle has demanded from Englewood payment of $286,864.72. However, in breach of the Contract, which it assumed, Englewood has failed and refused to pay $286,864.72 to Halle.

WHEREFORE, plaintiff Halle Properties, L.L.C. seeks entry of judgment against the

defendant Englewood Construction, Inc. and in favor of plaintiff in the amount of $286,864.72 plus interest and plaintiff's attorneys' fees and costs, and for such other and further relief as this Court deems necessary and appropriate.

## Count II
### Breach of the Contract Indemnity

30. Halle realleges and incorporates the preceding ¶¶ 1-29 of this Complaint as though fully set forth herein as ¶30 of this Count II.

31. The RAS Judgment was a direct and foreseeable consequence of Englewood breaching the Contract.

32. The Contract Indemnity contractually obligates Englewood to indemnify RAS for the RAS Judgment. Halle, as the owner of that right, is now entitled to enforce the indemnification and to collect the full amount of the RAS Judgment against Englewood.

33. On or about February 12, 2008, Halle, as assignee, demanded of Englewood, in writing, payment of the RAS Judgment of $286,864.72 pursuant Contract Indemnity.

34. In breach of the Contract Indemnity, Englewood has failed and refused to pay to Halle the $286,864.72 so demanded.

WHEREFORE, plaintiff Halle Properties, L.L.C. seeks entry of judgment against the defendant Englewood Construction, Inc. and in favor of plaintiff in the amount of $286,864.72 plus interest and plaintiff's attorneys' fees and costs, and for such other and further relief as this Court deems necessary and appropriate.

Respectfully submitted,

**HALLE PROPERTIES, L.L.C.**

By: _____
One of its attorneys

*Paula K. Jacobi*
*Shelly A. DeRousse*
*Jonathan L. Mills*
SUGAR FRIEDBERG & FELSENTHAL LLP
Counsel for Plaintiff
30 North LaSalle Street, Suite 3000
Chicago, Illinois 60602
(312) 704-9400