**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Halle Properties, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.  08 C 1338 |
| v. | ) | |
| | ) | Judge Kennelly |
| Englewood Construction, Inc., | ) | Magistrate Judge Mason |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS**

**INTRODUCTION**

Defendant Englewood Construction, Inc. ("Englewood"), by its attorneys, and pursuant to

Rule 12, moves this Court to dismiss Plaintiff Halle Properties, LLC's ("Halle") Amended

Complaint in this matter for lack of standing.  In its Amended Complaint, Halle seeks recovery

based on a turn-over order of certain alleged contract rights for indemnity held against

Englewood by RAS Builders, Inc., a Colorado corporation.  However, RAS Builders has no right

to pursue Englewood for an indemnity, and in fact is barred from doing so by Colorado law.

That is because since 2006, RAS has failed to file any annual report required by the State of its

incorporation.  As Halle can obtain no greater rights than those of the party whose contract it

seeks to enforce, dismissal with prejudice is warranted.  In further support hereof, Englewood

states as follows:

**ARGUMENT**

1.    In its Amended Complaint, Halle alleges that in the Fall of 2003, Halle contracted

with RAS Builders, Inc. ("RAS") to construct a Discount Tire store in Bolingbrook, Illinois.

(Amended Compl. at ¶6) RAS is a Colorado corporation.  (*See* **Exhibit 1**).

2.      In November of 2006, Halle filed suit against RAS in the Northern District of Illinois.  On April 5, 2007, Halle obtained a default judgment against RAS in the amount of $286,864.72 plus costs.  Halle subsequently initiated supplemental proceedings, and on January 31, 2007 obtained the "right" to pursue an indemnity claim held by RAS against Englewood which arose out of a certain asset purchase agreement between them.  (Amended Compl. at ¶23).

3.      It is well established that Halle's rights to pursue any such contractual indemnity can be no greater than those rights held by RAS.  *See, e.g., Litwin v. Timbercrest Estates, Inc.*, 37 Ill.App.3d 956, 958 (1st Dist. 1976) ("assignee can obtain no greater right or interest than that possessed by assignor, inasmuch as one cannot convey that which he does not have.")

4.      Here, RAS has no right to pursue any claims under Colorado law as it is has failed to file necessary annual reports with the State of Colorado.  Attached hereto as **Exhibit 1** is a copy of the Colorado Secretary of State web page reflecting the current status of RAS.  The Court can take judicial notice of these documents in resolving this motion to dismiss.  *See, e.g., Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994) (finding the district court properly considered public documents in deciding the defendants' motions to dismiss).

5.      On March 1, 2006, as a result of RAS's failure to file an annual report with the State of Colorado, the Secretary of State changed RAS's corporate status to "delinquent."  RAS has remained in "delinquent" status since that time.

6.      Under Colorado law, a delinquent corporation may not maintain a proceeding for the collection of its debts until it has cured its delinquency.  *See*, C.R.S.A. §7-90-903(1), a copy of which is attached hereto as **Exhibit 2**.  As a delinquent corporation, RAS had no right to pursue Englewood for an indemnity – indeed, it is barred from doing so by Colorado law.

7.      Therefore, Halle does not have the right to pursue Englewood for indemnification, because RAS did not have that right at the time Halle went forward with its supplementary proceedings against RAS.

8.      This result is also consistent with Illinois law.  In Illinois, corporations that do not comply with state filing requirements are "administratively dissolved."  An administratively dissolved corporation in Illinois – like a delinquent corporation in Colorado - cannot initiate a cause of action.  805 ILCS 5/12.30; 805 ILCS 5/12.35; *People v. Mazzone*, 74 Ill. 2d 44 (1978).

WHEREFORE, Englewood Construction, Inc. respectfully requests that this honorable Court enter an order dismissing Halle's complaint with prejudice.


ENGLEWOOD CONSTRUCTION, inc.


/s/ Christopher J. Petelle
By:  One of Its Attorneys


Edward D. Shapiro (ARDC #6226069)
Lorne T. Saeks  (ARDC #6207595)
Christopher J. Petelle (ARDC #6287082)
**MUCH SHELIST DENENBERG AMENT & RUBENSTEIN, P.C.**
191 N. Wacker Drive, Suite 1800
Chicago, IL 60606
(312) 521-2000