IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HALLE PROPERTIES, L.L.C., an Arizona limited liability company,  )<br>      *Plaintiff*,  )<br>      )<br>      v.  )<br>      )<br>ENGLEWOOD CONSTRUCTION, INC., an Illinois corporation,  )<br>      *Defendant*.  ) | No. 08 C 1338<br>Honorable Judge Matthew F. Kennelly |

### PLAINTIFF'S RESPONSE TO MOTION TO DISMISS

Plaintiff Halle Properties, L.L.C. ("Halle"), by its undersigned attorneys, in opposition to the Motion to Dismiss ("Motion") filed by defendant Englewood Construction, Inc. ("Englewood") to dismiss Halle's complaint, states as follows:

### INTRODUCTION

Halle asserts two causes of action against Englewood in its First Amended Complaint.

In Count I, Hall sued Englewood for breach of a construction contract ("Construction Contract") that had been assigned to and assumed by Englewood from, R.A.S. Builders, Inc. ("RAS"). Englewood has **not** filed any response (either an answer or motion) with respect to Count I.

In Count II, Hall has sued Englewood for breach of contractual indemnity of RAS by Englewood ("Contract Indemnity") which as contained in an August 31, 2004 Assignment and Assumption of Assumed Liabilities contract between RAS and Englewood. Halle acquired the Contract Indemnity from RAS pursuant to Court order entered in post-judgment proceedings against RAS.

Englewood seeks to dismiss Count II based on the following: (i) the Contract Indemnity was previously owned by RAS, (ii) RAS was a delinquent Colorado corporation when Halle

acquired the Contract Indemnity, and (iii) delinquent Colorado corporations cannot sue to enforce their contract rights.  From there, Englewood argues that Halle cannot sue on the Contract Indemnity it now owns.  Englewood's Motion and argument has no support in law or fact.

**ARGUMENT**

The Motion is based on a single fact -- that RAS was a delinquent Colorado corporation (having failed to file an annual report with the Colorado Secretary of State) at the time when Halle, as a judgment lien creditor of RAS, became the owner of the Contract Indemnity.  For all of the following reasons, Englewood's Motion must fail.

**A.** *This Case Is Not Brought in a Colorado State Court.*

Englewood relies on Section 7-90-903(1) of the Colorado Revised Statutes as legal support for the Motion.  On its face, it is clear that this statute is not relevant to this case.  Section 903(1) states that:

> A delinquent entity may not maintain a proceeding in any court **in this state** for the collection of its debts until it has cured its delinquency pursuant to section 7-90-904(1), (2), or (3).

C.R.S.A. § 7-90-903(1) (emphasis added).

The law suit before this Court is not brought in Colorado, but in Illinois.  The statute governs only when Colorado corporations can bring cases in Colorado.  Englewood cites no statute or case law that requires foreign corporations suing in Illinois state or federal courts be in good standing in their state of incorporation.

**B.** *The Status of RAS Is Irrelevant to This Case.*

Whatever merit Englewood's argument might have had this case had been filed in Colorado by RAS, that is not the case.  The fact that this case has not been brought in a Colorado

is dispositive of the Motion. However, the Motion would fail even if the complaint had been filed in Colorado. The plaintiff here is Halle, not RAS. Halle is an Arizona limited liability company in good standing.

The Supreme Court of Colorado has addressed the issue Englewood raises in its Motion. Similar to delinquent corporations, Colorado law prohibited partnerships that failed to file an affidavit with the county clerk stating the names of partners from suing on contracts. Lipp v. Good, 41 Colo. 209 (1907). In Lipp, the Supreme Court held that when the delinquent partnership assigned its claim against the defendant to the plaintiff in good faith, the plaintiff could sue on the assigned contracts, notwithstanding the revocation of the partnership's right to sue. Id. at 210-11. As the Court noted, the purpose of the assignment was not to evade the filing requirement. Id. at 211.

Obviously, Halle did not acquire the Contract Indemnity so that RAS could avoid its Colorado filing requirements. This was not a voluntary act of RAS. Halle had a judgment against RAS and through the collection process, upon petition to this Court and Court order, Halle obtained the Contract Indemnity.

Englewood mischaracterizes what Halle received from RAS in its supplemental proceedings. It is not the "right to sue" that Halle acquired from RAS. Halle acquired a contract right -- the right to be indemnified by Englewood. That contractual right was owned by RAS and is now owned by Halle. The privilege of suing to collect on a contract is personal to the party. Halle is under no restriction; it has the right to sue on its contract rights.

Taken to the extreme, Englewood's argument would lead to the following preposterous result. A Purchaser buys an apartment building from a Seller corporation which is delinquent in its annual reporting requirements. On the date of the closing, a tenant in the apartment building

is in default on its lease having failed to pay rent.  Under Englewood's theory, the Purchaser cannot sue to evict this tenant because of the Seller's corporate deficiencies!   There is no law for such a proposal.

### C.     A Dissolved Corporation May Bring Lawsuits and Enforce its Contractual Rights

Surprisingly, Englewood cites Illinois corporate dissolution law in support of its argument that RAS is prohibited from bringing suit.  Why? RAS has not been dissolved.  Further, the law in Illinois (and, for that matter, Colorado) expressly allows dissolved corporations to sue to enforce its agreements.

Even if RAS or Halle were dissolved, neither would be prohibited from suing Englewood in order to liquidate RAS's former assets.  Englewood states that "An administratively dissolved corporation in Illinois … cannot initiate a cause of action" (Motion, ¶ 8).  The statute Englewood cites [805 ILCS 5/12.30], however, is to the contrary.  That statute specifically provides that "[d]issolution of a corporation does **not** … (4) Prevent suit by or against the corporation in its corporate name."  805 ILCS 5/12.30(c)(4)(emphasis added).

The case Englewood cites, People v. Mazzone, 74 Ill.2d 44 (1978), is equally inapplicable.  Mazzone was a criminal case and explicitly stated that civil causes of action survived dissolution of a corporation.  Id.

The current Illinois Business Corporation Act of 1983 includes a provision for survival of remedy after dissolution, which states:

> The dissolution of a corporation … *shall not take away nor impair any civil remedy available to or against such corporation* ... for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within five years after the date of such dissolution.  Any such action or proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name.

805 ILCS 5/12.80.  The Seventh Circuit has recognized that "[s]urvival statutes such as § 12.80, which have been enacted in every jurisdiction, extend the life of a corporation after dissolution to more evenly balance the competing interests of the corporation in promptly winding up its affairs and <u>those of its creditors</u> … in prosecuting and defending suits involving the corporation."  <u>Weiss v. Wark</u>, 202 F.3d 276 (1999) (emphasis added).

Colorado's dissolution law is the same.  Under Colorado law, "Dissolution of a corporation does not … (e) Prevent commencement of a proceeding by or against the corporation in its name."  C.R.S. § 7-114-105(2)(e).  Under this statute, an administratively dissolved corporation may dispose of its property and enforce its contract rights for the benefit of its creditors.  <u>Awanderlust Travel, Inc. v. Kochevar</u>, 21 P.3d 875, 877-78 (Col. Ct. App. 2001).

## CONCLUSION

For all the reasons set forth above, the Motion to Dismiss should be denied and Englewood required to answer the Amended Complaint within fourteen (14) days.

        Respectfully submitted,

        **HALLE PROPERTIES, L.L.C.**

        By: */s/ Paula K. Jacobi*
           One of its attorneys

*Paula K. Jacobi*
*Shelly A. DeRousse*
*Jonathan L. Mills*
SUGAR FRIEDBERG & FELSENTHAL LLP
Counsel for Plaintiff
30 North LaSalle Street, Suite 3000
Chicago, Illinois 60602
(312) 704-9400