IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Halle Properties, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.  08 C 1338 |
| v. | ) | |
| | ) | Judge Kennelly |
| Englewood Construction, Inc., | ) | Magistrate Judge Mason |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**

Defendant Englewood Construction, Inc. ("Englewood"), by its attorneys, in further support of its motion to dismiss the Amended Complaint, states as follows:

1. Halle Properties, LLC ("Halle" or "Plaintiff") contends that Englewood's motion to dismiss only addresses Count II (breach of an indemnity) and not Count I (breach of contract) of the Amended Complaint. However, the basis of Englewood's motion was the lack of standing to bring a breach of contract claim (any claim) by Halle.[1]  Furthermore, although Halle has alleged two counts in the Amended Complaint, both allegations seek recovery under the theory of contractual indemnity.  *See e.g*., Amended Complaint at ¶23 "Halle is the owner of the Contract Indemnity given by Englewood. On January 31, 2008, this Court entered an order (the "Assignment Order") assigning to Halle, as RAS' judgment creditor, RAS' right, title and interest in the Contract Indemnity." Indeed, Halle does not allege, and cannot allege, that it has any rights

---

[1] As set forth more fully in the motion to dismiss, because RAS had no right to pursue a civil action for contractual indemnity against Englewood, then Halle has no such rights since the rights of an assignee cannot be greater than that of its assignor. *Litwin v. Timbercrest Estates, Inc*., 37 Ill.App.3d 956, 958 (1st Dist. 1976)("assignee can obtain no greater right or interest than that possessed by assignor, inasmuch as one cannot convey that which he does not have.").

other than as provided by the turn-over order upon which its claim is based. [2] Accordingly, irrespective of the number of breach of contract counts which have been alleged, there should be no dispute that the basis of the claim before this court is one based upon contractual indemnity.

      2.     Plaintiff argues that because this case was not brought before a Colorado court, that the Colorado statute which prohibits RAS from having brought suit under the indemnity (as cited by Englewood) does not apply. However, as this is a diversity case, the district court determines what state law to apply in accordance with the choice-of-law principles of the state in which it sits. *GATX Leasing Corp. v. National Union Fire Ins. Co*., 64 F.3d 1112, 1114 (7th Cir. 1995). In this instance, the district court is bound by the choice-of-law method defined by the Restatement (Second) of Conflicts of Law, which Illinois has adopted. *Ingersoll v. Klein*, 46 Ill.2d 42, 262 N.E.2d 593, 595 (1970). And, the Second Restatement method is constructed around the principle that the state with the most significant contacts to an issue provides the law governing that issue. *Id.* at 42, 262 N.E.2d at 594-95. In this instance, Colorado has the most significant contacts to the issue of whether a corporation, duly authorized under its laws, is permitted to file suit.

Moreover, even if this Court were to apply Illinois law, the outcome would be the same. Although Plaintiff argues that under the Illinois Corporation Act of 1983 (the "BCA"), a dissolved corporation may still file suit, such assertion is untrue with respect to a delinquent corporation (which is exactly RAS's status). Thus, pursuant to Section 15.85 of the BCA, a delinquent corporation is expressly prohibited from filing suit. In summary, although

---

[2] The turn-over order at issue provides: "All of RAS' rights, title and interest in and to the ***Contract Indemnity for Job 04.0267*** and all proceeds thereof are hereby assigned and turned over to Halle." [emphasis supplied]

Englewood submits that Colorado law should govern this dispute, the prohibition on the filing of a civil action by a delinquent corporation would be the same in both jurisdictions.[3]

      3.      Finally, Halle argues that RAS's rights are irrelevant to this case as what it acquired was not a right to sue, but a contract right to indemnity. However, as discussed, Halle's right to indemnity can never been greater than that of RAS. To that end, pursuant to the contract of indemnity that forms the basis of this claim, it is only those losses "incurred" by the assignor (RAS) for which Englewood has any obligation under the indemnity. However, there has been no allegation that RAS has actually "incurred" any losses. In fact, it would appear improbable that RAS has incurred any such losses because it appears that RAS has been out of business for some time. Indeed, the fact that RAS is not an active concern is consistent with both its delinquency status in Colorado and the entry of a default judgment against it in the action in which Halle obtained its turn-over order at issue in this case. *See Halle Properties, LLC v. RAS Builders, Inc.,* Case No. 06 C 6353; Order of April 5, 2007. Accordingly, because RAS does not have standing to sue, nor has it been alleged to have incurred any losses as contemplated by the indemnity, neither it or its assignee can seek to enforce the indemnity contract.

      WHEREFORE, Englewood Construction, Inc. respectfully requests that this Court enter an order dismissing Halle's complaint with prejudice.

---

[3] Halle also claims that the Colorado case of *Lipp v. Good*, 41 Colo. 209 (1907), supports its position that it may sue to enforce a right owned by a delinquent corporation. However, *Lipp* is distinguishable as it does not involve an interpretation of the Colorado corporations act. In addition, it also does not involve a personal indemnity right that could only be enforced based upon the standing of the indemnitee.

                                          **ENGLEWOOD CONSTRUCTION, INC.**

                                          /s/ Lorne T. Saeks
                                          By:  One of Its Attorneys

Edward D. Shapiro
Lorne T. Saeks
Christopher J. Petelle
**MUCH SHELIST DENENBERG AMENT & RUBENSTEIN, P.C.**
191 N. Wacker Drive, Suite 1800
Chicago, IL 60606
(312) 521-2000

4